UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIOCESE OF SAINT PETERSBURG, INC.,**
a Florida non-profit corporation,

    Plaintiff,

v.                                         Case No. 8:08-cv-950-T-30TBM

**SAFETY NATIONAL CASUALTY**
**CORPORATION,** a Missouri
corporation, and **ESIS, INC.,** a
Pennsylvania corporation,

    Defendants.
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Strike Defendant's Expert, Nancy L. Cavey or, in the alternative, Motion for Extension of Time to Disclose Rebuttal Witness** (Doc. 53) and Defendant Safety National Casualty Corporation's Response (Doc. 57). Plaintiff files its motion pursuant to Rule 702, Fed. R. Evid. and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), seeking an order striking Nancy L. Cavey ("Cavey") as an expert for the defense on the basis that: (1) Cavey is not qualified to testify as an expert in the field of workers' compensation defense; (2) she applies no sufficiently reliable methodology to reach her conclusions; and (3) her testimony will be

duplicative and will not assist the jury in any appreciable manner.  Alternatively, Plaintiff seeks an extension of time to disclose a rebuttal expert witness.[1]

More particularly, Plaintiff seeks to strike Cavey as an expert witness for the defense on the basis that she is primarily a plaintiff/claimant's disability and workers' compensation attorney, and therefore lacks the qualifications and expertise to serve as an expert on the handling of the defense of a workers' compensation claim.  Plaintiff submits that a review of Cavey's publications reveals that her specialty is in representing claimants and plaintiffs, and not in defending workers' compensation claims.  Notwithstanding, her report in this case indicates that she intends to offer expert testimony on the handling, litigation, defense, analysis, and settlement of workers' compensation claims.  Plaintiff urges that Defendant fails to meet its burden of establishing that Cavey is qualified to testify as to the proper handling of the *defense* of these claims.  Nor can Defendant meet its burden to establish the reliability of Cavey's testimony.  Here, Cavey seeks to testify as an expert based solely on her experience as a claimant's attorney.  Thus, Plaintiff urges that, at the very least, she must explain how her experience leads her to the conclusions reached.[2]  In essence, it argues that Cavey's opinions

---

[1] By way of procedural background, the Plaintiff's expert disclosure was originally due May 11, 2009, and Defendants' expert disclosure deadline was June 1, 2009 pursuant to the Court's Case Management and Scheduling Order  (Doc. 28).  The parties sought extensions of time as to expert disclosure and discovery.  *See* (Docs. 38, 41).  Orders were entered granting an extension of the expert discovery to July 15, 2009 (Doc. 39) and extending the expert disclosure deadlines for the Plaintiff to June 5, 2009 and Defendant to June 19, 2009 (Doc. 42).  Thereafter, the court granted Defendant's request for an extension of time from June 19 to June 22, 2009, in which to provide its expert's (Nancy L. Cavey) report.  (Doc. 49).

[2] Plaintiff cites *Lord v. Fairway Electric Corp.*, 223 F. Supp. 2d 1270 (M.D. Fla. 2002) (quoting Fed. R. Evid. 702 Advisory Committee's Note) in support.

2

amount to "Monday-morning quarterbacking" unsubstantiated by any reliable methodology capable of replication, testing, or peer review, and thus are inadmissible under Rule 702. Lastly, Plaintiff argues that Cavey's testimony will be duplicative of testimony which will be presented by witnesses (including claims analysts, attorneys, and the Director of Risk Management) with personal knowledge of the claims file. Plaintiff urges that based on these witnesses' testimony, the jury will be capable of understanding the testimony and deciding the issues without the necessity of expert testimony from Cavey which will merely be a recap of the testimony presented by these other competent witnesses who collectively have in excess of twenty years of experience evaluating and adjusting workers' compensation claims.[3] (Doc. 53)

In response, Defendant urges that the motion should be denied because Cavey is qualified to offer expert testimony in this matter, pointing to her AV-rating by Martindale-Hubbell, her twenty-nine years practicing workers' compensation law in Florida, and her board certification in this area since 1991. Defendant submits that it timely disclosed Cavey, and Plaintiff had the opportunity to depose her prior to the expert discovery deadline to challenge her qualifications, but chose not to. Had Plaintiff deposed her, it would have learned that she has represented employers, self-insureds, and insurance carriers, in addition to representing claimants. Notwithstanding, Cavey's experience as a claimant's attorney does not disqualify her from being able to testify about the proper defense of a claim. On the contrary, Defendant urges that her experiences as a claimant's attorney makes her

---

[3]In support, Plaintiff cites *U.S. v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004) (citing *Weinstein's Federal Evidence* § 702.03[2] [a]).

knowledgeable about the best way to maximize lifetime benefits for an injured worker and the best actions the defense can take to mitigate or minimize such benefits. Additionally, a claimant's lawyer would know the appropriate settlement value of a case, as well as customary practices regarding settlement offers in workers' compensation claims. Defendant urges that courts clearly allow lawyers to offer expert testimony in insurance coverage cases on issues of custom, practice, value, settlement, and defense of claims.[4] In response to Plaintiff's arguments that her opinions will not offer anything to assist the jury, Defendant contends that Cavey will be able to discuss topics beyond the jury's sophistication including customary practices and patterns in regard to workers' compensation claims, as well as mitigating exposure on claims and reasonable settlement values. As to Plaintiff's position that Cavey applies no reliable methodology in reaching her conclusions, Defendant submits that the Eleventh Circuit rejected such argument in the context of nonscientific expert testimony, such as insurance matters, where such testimony was based on the expert's thirty years of experience.[5] Further, Defendant argues that Cavey's testimony will not be duplicative of another expert and Plaintiff's position that her testimony will be covered by the Defendant's corporate representative is not a proper basis for striking an expert's testimony. (Doc. 57).

---

[4]Defendant cites *Peckham v. Continental Casualty Insurance*, 895 F.2d 830 (1st Cir. 1990) and *Menendez v. Unitrin*, 8:06-cv-563-T-24MAP, 2007 WL 2696795 (M.D. Fla. Sept. 12, 2007) in support.

[5]*See American Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009); *Jablonski v. St. Paul Fire and Marine*, 2:07-cv-386-FtM-29SPC, 2007 WL 113386 (M.D. Fla. Jan. 16, 2009).

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony: [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Simply stated, the trial court can admit relevant expert testimony only if it finds that: (1) the expert is qualified to testify about the matters he intends to address; (2) the methodology used by the expert to reach his conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact in issue. *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1257 (11th Cir. 2002). The party offering the expert bears the burden of establishing qualification, reliability and helpfulness. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005); *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir. 2004).

As indicated above, whether the individual offering the evidence is qualified as an expert in the field in which he is offering an opinion is a threshold determination in deciding whether scientific evidence is admissible. *See Tuscaloosa v. Harcros Chem., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). Under the plain language of Rule 702, an expert may be qualified

through training or education, as well as through experience.[6] *United States v. Frazier,* 387 F.3d 1244, 1261 (11th Cir.2004) (en banc). The expert's qualifications, however, must relate to the matters he will address in his testimony. *See Allison v. McGahn Med. Corp.,* 184 F.3d 1300, 1309 (11th Cir. 1999).

This Circuit has recognized that, "standards of scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony." *American General Life Ins. Co. v. Schoenthal Family LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999)). Thus, where the expert testimony is of a nonscientific nature, as in the instant matter, a court may determine the reliability of that nonscientific testimony "based 'upon personal knowledge or experience.'" *Id.* (quoting *Kumho Tire*, 526 U.S. at 150). To that end, a trial judge is given "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152.

Lastly, the expert testimony must assist the trier of fact. Expert testimony assists the trier of fact "if it concerns matters that are beyond the understanding of the average lay person." *Frazier,* 387 F.3d at 1262. "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* Nor does expert testimony help the trier of fact if it fails to "fit" with the facts of the case. *McDowell,* 392 F.3d at 1299. Expert testimony lacks "fit" when "a large

---

[6]A witness who possesses general knowledge of a subject may qualify as an expert despite lacking specialized training or experience, so long as his testimony would likely assist a trier of fact. *See United States v. Hensel,* 711 F.2d 1000, 1006 (11th Cir. 1983); *Maiz v. Virani,* 253 F.3d 641, 665 (11th Cir. 2001).

6

analytical leap must be made between the facts and the opinion." *See id.* (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136 (1997)). Thus, the court may exclude otherwise reliable testimony if there is too great an analytical gap between the data and the opinion proffered and/or if it does not have sufficient bearing on the issue at hand to warrant a finding that it would be helpful to the trier of fact. *See Joiner*, 522 U.S. at 147.

Upon careful consideration, Plaintiff's Motion to Strike Defendant's Expert, Nancy L. Cavey or, in the alternative, Motion for Extension of Time to Disclose Rebuttal Witness (Doc. 53) is **denied.** Cavey's curriculum vitae reveals that she received her law degree in 1980 from William Mitchell College of Law in St. Paul, Minnesota, and since that time has practiced in the areas of workers' compensation, social security law, and wage and hour claims. (Doc. 53-3 at 1). She was Chair of the Workers' Compensation Section of the Florida Bar in 2004. She is a member of the National Organization of Social Security Representatives, the American Justice Association, the American Bar Association, the Florida Bar, and the National Employment Lawyers Association. She has authored numerous publications in the areas of long-term disability ERISA and private disability insurance claims, Social Security claims and appeals, and Florida workers' compensation benefits. *Id.* at 2-4. I find Cavey's twenty-nine years of experience in the area of workers' compensation, in addition to her board certification in this area, qualify her to render expert opinions and testimony which may be helpful to the jury in this matter. By my consideration, the fact that her experience may be more on the side of claimants/plaintiffs as opposed to the defense does not disqualify her as an expert in this area. As for reliability, on this motion there is no demonstration that her opinions on the value of the claim or Plaintiff's handling of this claim are unreliable. On the

contrary, her report sets forth plausible reasons from the documents produced and reviewed to support her opinions. Further, this Circuit has accepted the reliability of nonscientific expert testimony in the area of insurance matters based upon an expert's education and experience where the court finds the expert to have ample knowledge and experience about the subject. *See Amer. Gen. Life Ins. Co.*, 555 F.3d at 1338. As noted above, I find Cavey's education, work experience, authorship, and committee involvement in the area of workers' compensation qualify her to testify on this subject matter and furthermore satisfy the reliability component. At this stage of the proceedings, it appears that expert testimony concerning the workers' compensation claims standards and practices in Florida and the Plaintiff's handling of this claim may be helpful to the jury. While the trial judge will no doubt determine the appropriate scope of such testimony, consideration of this factor is no cause to strike this testimony at this juncture.

As to Plaintiff's alternative request for an extension of time to disclose a rebuttal expert, it appears that the court has previously granted the parties additional time within which to identify experts. Plaintiff apparently chose not to do so. No good cause for a further extension of time to name an expert is set forth in the motion.

**Done and Ordered** at Tampa, Florida, this 25th day of August 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record